# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2901

_____

ADDISON DRYWALL, INC. and
BRIDGEFIELD EMPLOYER'S Etc.,
Et Al.,

     Appellants/Cross-Appellees,

     v.

SALVADOR TORRES,

     Appellee/Cross-Appellant,

 and

CRB CONTRACTORS, LLC and
NORMANDY INSURANCE CO.,

     Appellees/Cross-Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Keef F. Owens, Judge.

Date of Accident: September 1, 2017.

May 13, 2019

PER CURIAM.

In this workers' compensation appeal, Addison Drywall, Inc. and its insurer (collectively, the E/C) challenge the finding of the

judge of compensation claims (JCC) that Addison was Claimant's employer at the time of the workplace accident. On cross-appeal, Claimant challenges the denial of his claim for payment of certain medical bills as well as the JCC's failure to award temporary total disability (TTD) benefits beyond the date of the hearing. We affirm the JCC's order in all respects and write only to address Claimant's argument concerning the award of TTD benefits.

Claimant argues that the award of TTD benefits only to the date of the hearing was erroneous because no record evidence supports terminating the benefits as of that date. He asks us to modify the decretal portion of the order to specify that the TTD benefits are not only payable through the date of the hearing but also "for so long as such benefits are proper." *See McDonnell Douglas Corp. v. McDonald*, 620 So. 2d 1146, 1146 (Fla. 1st DCA 1993) (modifying decretal portion of order to include this phrase in place of erroneous language awarding TTD benefits "through the present and continuing"). We see no reason to do so.

Although the JCC would not have erred by including this language in the decretal portion of the order in light of the undisputed evidence that Claimant was still off work at the final hearing and that he would continue to be off work until released by his doctor, it does not follow that the JCC erred by not including this language in the order and instead awarding TTD benefits only to the date of the hearing. Indeed, as the E/C recognizes,[1] even

---

[1] *See* Reply/Cross-Ans. Br. at 47-48 ("Salutary phrases emerged in the case law, such as those Claimant cites and would like to have seen written into the order, e.g.; 'until such time' or 'for so long as such benefits are proper' -- all ways of simply signaling a case is returned to a self-administering status, it being presumed the carrier will not act arbitrarily but will continue benefits until such date as a release is published, for if it acts precipitously -- or even if it acts responsibly, definitive report in hand: in both cases a claimant is not precluded from challenging administrative determination vis-à-vis all tools and remedies afforded by law for continuation or extension of said benefits, along with fees, costs, penalties and interest designed to keep the carrier on the straight-and-narrow.").

without such language, the self-executing nature of the workers' compensation system will require the E/C to continue providing TTD benefits to Claimant so long as he remains eligible for those benefits, and if the E/C fails to do so, Claimant is not without recourse. Thus, under the circumstances, the language Claimant asks us to add to the JCC's order is surplusage.

For the foregoing reasons, the JCC's order is AFFIRMED.

WOLF, WETHERELL, and MAKAR, JJ., concur.

––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––

H. George Kagan of H. George Kagan, P.A., Gulf Stream, for Addison Drywall, Inc. and Bridgefield Employer's, et al., Appellants/Cross-Appellees.

David C. Wiitala of Wiitala & Contole, P.A., North Palm Beach, and Wendy S. Loquasto of Fox & Loquasto, LLC, Tallahassee, for Salvador Torres, Appellee/Cross-Appellant.

William H. Rogner of Hurley, Rogner, Miller, Cox & Waranch, P.A., Winer Park, for CRB Contractors, LLC and Normandy Insurance, Appellees/Cross-Appellees.